**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY FINELLO Personal | : | |
| Representative of the Estate of | : | No. 18-cv-3584-JMY |
| ALFRED C. BRODERICK (deceased) & | : | |
| EILEEN BRODERICK (deceased), | : | |
| | : | |
| vs. | : | |
| | : | |
| FOSTER WHEELER LLC, et al. | : | |

**MEMORANDUM**

Younge, J.                                                                                     June 12, 2023

       Currently before the Court is a Motion for Summary Judgment filed by Defendant, Union

Carbide Corporation.  (Motion for Summary Judgment "MSJ", ECF No. 142.)  The Estate of

Alfred C. Broderick and the Estate of Eileen Broderick (collectively referred to as "Plaintiffs")

filed a response in opposition.  (Response in Opposition "Opp.", ECF No. 152.)  The Court finds

this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78; L.R. 7.1(f).

For the reasons set forth below, Defendant's Motion will be denied.

**I.      FACTS:**

       In March of 2018, Alfred Broderick was diagnosed with pulmonary asbestosis caused by

inhalation of asbestos.  Mr. Broderick and his wife commenced this product liability and

negligence action in the Philadelphia Court of Common Pleas on July 19, 2018.  *Broderick v.*

*John Crane Inc., et al.*, Case No. 180702225 (July Term, 2018 No. 2225).  Defendant, Foster

Wheeler, LLC, then removed this action to this Court in the Eastern District of Pennsylvania in

August of 2018.  (Notice of Removal, ECF No. 1.)

       Anthony Finello, acting as the administrator of the Estate for Alfred Broderick and Eileen

Broderick, filed two suggestions of death on June 5, 2023 on behalf Plaintiffs.  (Suggestion of

Death, ECF No. 174 & 175.)  The suggestion of death filed on behalf of Alfred Broderick

establishes that he died on January 28, 2022.  (*Id.*, Ex. A, ECF No. 174 page 5.)  The suggestion

of death filed on behalf of Eileen Broderick establishes that she died on December 24, 2021.

(*Id.*, EX. A, ECF No. 175 page 5.)  Along with the suggestions of death, Anthony Finello filed a

motion to substitute himself as a party acting as administrator for decedents' estates which the

Court granted on June 6, 2023.  (Motion to Substitute Party, ECF No. 176; Order, ECF No. 177.)

  In this litigation, Plaintiffs seek financial compensation for Mr. Broderick's alleged

occupational exposure to Defendants' asbestos containing products.[1]  Mr. Broderick gave a

videotaped trial deposition in this matter in September of 2018 in which he testified to

occupational exposure to asbestos.  (Broderick Deposition, Opp. MJS, Exhibit P-1; ECF No.

152-1.)  Mr. Broderick alleged that he was exposed to Defendants' asbestos containing

products when he served in the Navy aboard the *U.S.S. Cone* as a boiler tender from 1957 to

1961.  (*Id.*)  Mr. Broderick alleges further exposure to asbestos containing products when he

worked as a maintenance worker for First National Stores from 1962 to 1985 (*id.* at 48), and

finally as a forklift mechanic for Baker Left.  (*Id.* at 49.)

  Mr. Broderick testified to multiple instances of asbestos exposure throughout his career

which included an instance in the late 1960s or early 1970s when he helped build a security

office inside of a warehouse for First National Stores.  (*Id.* 151-152, 169.)  Mr. Broderick

testified that he was responsible for laying vinyl asbestos tiles in the security office which

entailed cutting, breaking, and cleaning up dust from the vinyl asbestos floor tiles that he

identified as bearing the name Kentile.  (*Id.* 155, 169.)  The Plaintiffs assert that Defendant

Union Carbide was the sole, exclusive supplier of Calibide asbestos fiber for use in Kentile vinyl

---

[1] Defendant Union Carbide is one of seven defendants who have moved for summary judgment. Plaintiffs' Complaint alleges exposure to products made or sold by 30 different companies.

asbestos tiles between 1966 until 1969.  (Opp., Ex. P-10, ECF No. 152-3 page 27.)  The Plaintiffs further aver that Union Carbide continued to be a major supplier of raw asbestos in the years following 1969 up and until 1986.  (*Id.*)

In opposition to Union Carbide's motion for summary judgment, Plaintiffs produced expert reports written by board-certified pulmonologist, James C. Giudice M.D. as well as board-certified specialist in occupational medicine, Arthur L. Frank, M.D.  (Expert Reports, Response SJM, Ex. P-2 & P-3, ECF No. 152-1 page 29 – 30.)  Both Doctors specifically reference Mr. Broderick's alleged exposure to Kentile vinyl asbestos tiles when rendering the opinion that occupational exposure to asbestos was a substantial factor in Mr. Broderick's development of pulmonary asbestosis.  (*Id.*)

## II.    LEGAL STANDARD:

Summary Judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012).  To defeat a motion for summary judgment, there must be a factual dispute that is both genuine and material. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 24-49 (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008).  A material fact is one that "might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248.  A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party."  *Id*.

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact.  *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016).  When the movant is the defendant, they have the burden of demonstrating that the plaintiff "has failed to

establish one or more essential elements of her case." *Burton v. Teleflex Inc.,* 707 F.3d 417, 425 (3d Cir. 2013).  If the movant sustains their initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial.  *See Anderson*, 477 U.S. at 249; *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007).  In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party.  *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001).  Nonetheless, the court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 252.

## III.   DISCUSSION:

Defendant Union Carbide focuses its attack on the causation aspects of the legal theories advanced by Plaintiffs.  Defendant argues that Plaintiffs present no evidence to establish Mr. Broderick's regular, frequent, and proximate exposure to its asbestos, or that any alleged exposure was a substantial factor in causing his pulmonary asbestosis.  Union Carbide specifically argues that Plaintiffs are unable to meet their burden because (1) Defendant was only one of several suppliers of asbestos for the products at issue; (2) there is no evidence that Mr. Broderick's exposure to any asbestos for which it could be liable was more than "de minimis,"

and (3) it argues that Plaintiffs lack expert testimony that the products at issue were a substantial contributing factor in Mr. Broderick's development of pulmonary asbestosis.

In *Eckenrod v. GAF Corp.*, 375 Pa. Super. 187, 192 (1988), the Pennsylvania Superior Court ruled that a plaintiff – asbestos litigant – who relies on circumstantial evidence is required to establish exposure to a defendant's product on a regular, frequent and proximate basis to support a jury's finding that defendant's product was substantially causative of the disease. The Pennsylvania Supreme Court endorsed the use of the frequency, regularity and proximity requirement for asbestos litigants in *Gregg v. V-J Auto Parts Co.*, 943 A.2d 216 (Pa. December 28, 2007). In *Gregg*, the Pennsylvania Supreme Court further defined the terms "frequency, regularity and proximity" by citing to language used by the Illinois federal court of appeals in *Tragarz v. Keene Corp.*, 980 F.2d 411 (7th Cir. 1992), as follows:

> [The factors should be] applied in an evaluative fashion as an aid in distinguishing cases in which the plaintiff can adduce evidence that there is a sufficiently significant likelihood that the defendant's product caused his harm, from those in which likelihood is absent on account of only casual or minimal exposure to the defendant's product. Further, *Tragarz* suggests that the application of the test should be tailored to the facts and circumstances of the case, such that, for example, it's application should become "somewhat less critical" where the plaintiff puts forth specific evidence of exposure to a defendant's product. Similarly, under *Tragarz,* the frequency and regularity prongs become "somewhat less cumbersome" in cases involving diseases that the plaintiff's competent medical evidence indicates can develop after only minor exposures to asbestos fibers. We agree with *Tragarz* Court's approach and adopt it here.

*Gregg v. V-J Auto Parts Company*, 943 A.2d at 225-226.

In *Rost v. Ford Motor Co.*, 151 A.3d 1032 (Pa. 2016), the Pennsylvania Supreme Court enumerated "two basic precepts" regarding expert causation testimony. *Id.* at 1044. "First, expert testimony based upon the notion that 'each and every breath' of asbestos is substantially causative of mesothelioma will not suffice to create a jury question on the issue of substantial factor causation." *Id.* "Second, to create a jury question, a plaintiff must adduce evidence that

exposure to defendant's asbestos-containing product was sufficiently 'frequent, regular, and proximate' to support a jury's finding that defendant's product was substantially causative of the disease." *Id.* Where there is exposure to multiple sources of asbestos that satisfy the "frequency, regularity, and proximity" test, when "coupled with competent medical testimony establishing substantial factor causation, it is for the jury to decide the question of substantial causation." *Id.* Plaintiffs have no obligation to eliminate every other potential cause of the disease. *Id.* Ultimately, where an expert opines within a reasonable degree of medical certainty that the exposures by the defendant's products were sufficient, in and of themselves, to cause the disease, comparison of the plaintiff's other occupational exposures is unnecessary. *Id.* at 1048-49.

In terms of product identification, the Court gives credits to Mr. Broderick's testimony that he laid Kentile vinyl asbestos floor tiles while building an office space in the late 1960s or early part of the 1970s. (Broderick Deposition page 175.) Mr. Broderick testified to being in an enclosed space when breathing dust created by cutting and cleaning up after the installation of the floor tiles. (*Id.* at 43.) Mr. Broderick testified to labeling and/or packaging that identified the floor tiles as Kentile vinyl asbestos tiles. (*Id.* at 169.) The Court further credits the evidence presented by Plaintiffs to establish that Union Carbide was Kentile's exclusive supplier of asbestos fiber for its asbestos vinyl flooring from 1966 through 1969, and evidence to establish that Union Carbide remained a main supplier thereafter through the relevant time. (Response to Interrogatories, Opp., Ex. P-10; Purchase Order, Ex. 11, ECF No. 152-4.)

To overcome Union Carbide's motion for summary judgment, Plaintiff comes forward with expert reports written by James C. Giudice M.D. and Arthur L. Frank, M.D. (Expert Reports, Response SJM, Ex. P-2 & P-3, ECF No. 152-1 page 29 – 30.) These Doctors opine to a reasonable degree of medical certainty that Union Carbide Corporation's asbestos fibers were a

factual and proximate cause of Mr. Broderick's pulmonary asbestosis.  (*Id.*)  Therefore, issues of

material fact remain on the question of causation, or the question of whether Mr. Broderick's

purported exposure to Defendant's asbestos played a substantial factor in his pulmonary

asbestosis diagnosis.

**IV.    CONCLUSION**:

      For these reasons, the motion for summary judgment filed by Defendant Union Carbide is

denied.

                                    BY THE COURT:

                                        /s/ John Milton Younge
                                      Judge John Milton Younge