**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY FINELLO Personal | : | |
| Representative of the Estate of | : | No. 18-cv-3584-JMY |
| ALFRED C. BRODERICK (deceased) & | : | |
| EILEEN BRODERICK (deceased), | : | |
| | : | |
| vs. | : | |
| | : | |
| FOSTER WHEELER LLC, et al. | : | |

<u>**MEMORANDUM**</u>

Younge, J.                                                        August 4, 2023

Currently before the Court are two Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(h)(3) filed by Defendants, CBS Corporation (Westinghouse), General Electric Company and Electrolux Home Products, Inc., as successor in interest to Copes Vulcan. (G.E. Motion to Dismiss, ECF No. 180; Electrolux Motion to Dismiss, ECF No. 181.) The Defendants Warren Pumps, LLC, and Foster Wheeler have filed Motions to Join or Adopt Co-Defendant Electrolux Home Products, Inc's, Motion to Dismiss. (Warren Pumps Motion to Dismiss, ECF No. 183; Foster Wheeler Motion for Dismiss, 184.) The Estate of Alfred C. Broderick and the Estate of Eileen Broderick (collectively referred to as "Plaintiffs") filed responses in opposition to moving Defendant's motions. (Response in Opposition "Opp.", ECF No. 182, 185–187.)

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth below, the motions to dismiss and motions to join or adopt will be granted. Defendant John Crane Corporation will be *sua sponte* dismissed from this action for the same reasons that the Court is dismissing the action against the related naval defendants discussed herein.

I.      **PROCEDURAL AND FACTUAL HISTORY**:

In March of 2018, Alfred Broderick was diagnosed with pulmonary asbestosis caused by inhalation of asbestos.  Mr. Broderick and his wife commenced this product liability and negligence action in the Philadelphia Court of Common Pleas on July 19, 2018.  *Broderick v. John Crane Inc., et al.*, Case No. 180702225 (July Term, 2018 No. 2225).  Defendant, Foster Wheeler, LLC, then removed this action to this Court in the Eastern District of Pennsylvania in August of 2018.  (Notice of Removal, ECF No. 1.)

In this litigation, Plaintiffs seek financial compensation for Mr. Broderick's alleged occupational exposure to Defendants' asbestos containing products.[1]  Mr. Broderick gave a videotaped trial deposition in this matter in September of 2018 in which he testified to occupational exposure to asbestos.  (Broderick Deposition, Opp. MJS, Exhibit P-1; ECF No. 152-1.)  Mr. Broderick alleged that he was exposed to moving Defendants' asbestos containing products when he served in the Navy aboard the *U.S.S. Cone* as a boiler tender from 1957 to 1961.  (*Id.*)  Mr. Broderick alleges further exposure to asbestos containing products when he worked as a maintenance worker for First National Stores from 1962 to 1985 (*id.* at 48), and finally as a forklift mechanic for Baker Left.  (*Id.* at 49.)

Anthony Finello, acting as the administrator of the Estate for Alfred Broderick and Eileen Broderick, filed two suggestions of death on June 5, 2023 on behalf Plaintiffs.  (Suggestions of Death, ECF No. 174 & 175.)  The suggestion of death filed on behalf of Alfred Broderick establishes that he died on January 28, 2022.  (*Id.*, Ex. A, ECF No. 174 page 5.)  The suggestion

---

[1]  Mr. Broderick, who was 82 at the time of his death, alleged that he was exposed to asbestos that could be traced back to over 30 different companies over the period of his career that spanned over 40 years.  (First Amended Complaint, ECF No. 91.)

of death filed on behalf of Eileen Broderick establishes that she died on December 24, 2021. (*Id.*, EX. A, ECF No. 175 page 5.)  Along with the suggestions of death, Anthony Finello filed a motion to substitute himself as a party acting as administrator for decedents' estates which the Court granted on June 6, 2023.  (Motion to Substitute Party, ECF No. 176; Order, ECF No. 177.)

The suggestions of death establish that Mr. Broderick was predeceased by his wife Mrs. Broderick.  (Suggestions of Death.)  Mr. and Mrs. Broderick had no surviving children at the time of their deaths.  (Motion for Substitution of Parties ¶ 5, ECF No. 176.)  Their only child, Robert Broderick, passed away in October of 2019.  (Obituary of Alfred C. Broderick, Motion to Dismiss, Exhibit A, ECF No. 181 p. 11.)  Mr. Broderick also testified that both his mother and father were deceased at the time of his deposition in September of 2018.  (Broderick Deposition, Motion to Dismiss, Exhibit B, ECF No. 181 p. 14.)  Mr. Broderick testified that his only financial dependents were Mrs. Broderick and their son, Robert Broderick.  (*Id.*)  Both Dependents had passed away after Mr. Broderick's deposition and prior to his death.

## II.     LEGAL STANDARD:

A Motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction.  When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.  *Kehr Package, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).  In reviewing a motion brought pursuant to rule 12(b)(1), the Court should determine whether the motion presents a facial or factual challenge.  *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).  A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of

subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891; *see also Cardio-Med. Assocs. Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). A factual attack under Rule 12(b)(1) challenges the very power of a district court to hear a case, independent of the pleadings. *Mortensen*, 549 F.2d at 891.

When evaluating a factual challenge, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Unlike a facial attack, no presumption of truth attaches to the plaintiff's allegations in a factual challenge and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Furthermore, in a factual challenge, the plaintiff bears the burden of establishing that jurisdiction exists. *Id.* The district court is not required to convert a motion to dismiss for lack of subject matter jurisdiction into a motion for summary judgment merely because the court considers evidence outside the complaint. *Medica v. City of Philadelphia*, 219 F. App'x 169, 172 (3d Cir 2007).

Federal Rule of Civil Procedure 12(h)(3) states, "if the court determines at any time that it lacks subject matter jurisdiction, the Court must dismiss the action." A federal district court is a court of limited jurisdiction and has an independent obligation to inquire into whether it has subject matter jurisdiction to preside over a case. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003). Federal courts have an ever-present obligation to ensure that subject

matter jurisdiction exists, and they can raise issues of subject matter jurisdiction *sua sponte* at any time.  Fed. R. Civ. P. 12(h)(3); *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*."); *Johnson v. United States*, No. 08-0816, 2009 U.S. Dist. LEXIS 76545, at *6 (M.D. Pa. Aug. 27, 2009).  A district court should dismiss a complaint if it lacks subject matter jurisdiction over the claims because without subject matter jurisdiction the court does not have the power to hear the case.  Fed. R. Civ. P. 12(b)(1); *Mortensen v. First Fed. Sav and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

## III.   DISCUSSION:

Moving Defendants make a persuasive argument in favor of dismissal of claims; therefore, the Court will grant their motions to dismiss.[2]  Defendants attack the Court's subject matter jurisdiction by arguing that estate representative Anthony Finello lacks standing to proceed with this action under maritime law.  (CBS Corp & GE's Motion to Dismiss page 3, ECF No. 180; Electrolux Motion to Dismiss page 8-9, ECF No. 181.)  Defendants cite to the schedule of beneficiaries incorporated into the Merchant Marines Act of 1920, 46 U.S.C. § 30104, (hereinafter "Jones Act") through its inclusion and adoption of provisions found in the Federal Employers Liability Act (hereinafter "FELA"), 45 U.S.C. §§ 51-60, for wrongful death and survival actions.  Defendants argue that the schedule of beneficiaries found in the FELA and adopted by the Jones Act should apply to this litigation to preclude Plaintiffs' maritime claims.

---

[2] Plaintiffs allege that Mr. Broderick was exposed to moving Defendants' asbestos while in the Navy abroad the *U.S.S. Cone*, so maritime law governs these claims.  *Connor v. Alfa Laval, Inc.*, 799 F.Supp. 2d 455, 458-59 (E.D. Pa. 2011) (the court concludes that the maritime jurisdiction test requires the Court to apply maritime law to those claims involving plaintiffs who were sea-based navy workers where the allegedly defective product was produced for use on a vessel); *Sisson v. Ruby*, 497 U.S. 358 (1990).

*Id.*  Defendants cite to the fact that estate representative Anthony Finello is not an individual who is specifically recognized by the relevant schedule of beneficiaries.  *Id.*  They further cite to the lack of any evidence to suggested that Anthony Finello is Mr. Broderick's dependent next-of-kin.  They argue that this action should be dismissed because Mr. Broderick died with no dependent next-of-kin or beneficiary identified in the relevant schedule of beneficiaries.  *Id.*

The Jones Act incorporates FELA's substantive recovery provisions.  The wrongful death provision reads:

> Every common carrier . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the [next-of-kin] dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51.  The FELA survival provision states in pertinent part:

> Any right of action given by this chapter to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the [next-of-kin] dependent upon such employee, but in such cases there shall be only one recovery for the same injury.

45 U.S.C. § 59.

In order for the personal representative to recover damages under the FELA, the decedent must be survived by relatives who fall within one of the three statutorily defined classes of beneficiaries.  *Lindgren v. United States*, 281 U.S. 38, 41 (1929).  If there are no beneficiaries, "it necessarily follows that the personal representative cannot maintain any action to recover damages for the death since there is no beneficiary in whose behalf such action can be brought." *Lindgren*, 281 U.S. at 41.  *See also Pittsburgh Nat'l Bank v. Pennsylvania R.R. Co.*, 315 F.2d

606, 607 (3d Cir. 1963) (district court properly denied relief under the FELA to a brother who, although receiving occasional remittances from the decedent, was not in financial need and was not dependent on the decedent for his support, maintenance or care); *Bailey v. Baltimore Mail S.S. Co.*, 43 F. Supp. 243, 245 (S.D.N.Y. 1941) (granting summary judgment to defendant on survival and wrongful death claims because the decedent's next of kin, a brother and sister, were not dependent upon the decedent at the time of the decedent's death).

Likewise, if there is no survivor in any of the FELA classes, there is no right of recovery for decedent's pain and suffering in a survival action.  *See Glod v. American President Lines, Ltd.*, 547 F. Supp. 183, 185 (N.D. Cal. 1982) (granting summary judgment to defendant on survival and wrongful death claims because brothers and sisters were not dependent on decedent and therefore did not fall into any enumerated beneficiary class); *Petition of United States*, 92 F. Supp. 495, 497 (S.D.N.Y. 1950) (where decedent Landstroem was survived by a sister who was not dependent upon him, no beneficiaries of any of the classes named in the FELA survived the decedent, and there was no survival of the decedent's cause of action for pain and suffering); *Bailey, supra*, 43 F.Supp. 243 (summary judgment for defendant on Jones Act survival and wrongful death claims); *Auld v. Terminal R.R. Assn. of St. Louis*, 463 S.W.2d 297, 299 (Mo. 1970) (affirming directed verdict for defendant on FELA survival claim because sisters and brother were not dependent on decedent).

The Defendants rely on *Miles v. Apex Marine Corp.,* 498 U.S. 19, 32-33 (1990), and a related line of cases to support their argument that the schedule of beneficiaries in the Jones Act/FELA should apply to Plaintiffs' general maritime common law claims.  (Memorandum in Further Support of Motion to Dismiss page 3, ECF No. 189.)  In *Miles*, a seaman's family filed suit after he was stabbed to death by a coworker while the men were working in state territorial

waters – the Port of Vancouver.  The Court in *Miles* placed uniform limits on recoverable damages in maritime litigation for seamen covered by the Jones Act.  *Miles*, 498 U.S. at 33-34, 36.  In *Miles*, the Court established a bright-line rule that no recovery for loss of society could be had in a general common law maritime action for the wrongful death of a seaman who was covered by the Jones Act.  *Id.* at 33.  The Court further established that there was to no recovery for nonpecuniary damages for the death of seaman covered by the Jones Act in a wrongful death lawsuit regardless of whether the suit is brought as a claim of unseaworthiness or negligence.  *Id.* at 32.  The Court relied on the doctrine of uniformity and the comprehensive scheme created by Congress to justify its decision to preclude nonpecuniary damage awards in wrongful death actions for seamen covered by the Jones Act.  *Id.* at 33.  The Court wrote, "Today we restore a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA, the Jones Act, or general maritime law."  *Id.*

The Court in *Miles* did not address the question of whether the Jones Act preempted survival actions brought under general maritime common law or state statute.  *Id.* at 33-34. However, the Court ruled that recoverable damages in maritime survival actions for the death of a Jones Act seaman would be subject to limits of the Jones Act/FELA – to damages suffered during decedent's life.  *Id.* at 36.  The limitation on damages established by *Miles*, has been interpreted to apply to employers and third-party non-employers such as the Defendants in this lawsuit.[3]  Defendants argue that any limitation on recoverable damages should also apply to the schedule of beneficiaries who should be entitled to recover damages in a wrongful death or

---

[3] See generally *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 388-89 (5th Cir. 2014); *Scarborough v. Clemco Indus.*, 391 F.3d 667 n.4 (5th Cir. 2004); *Rogers v. A.O. Smith Corp.*, 602 F. Supp. 3d 748, 761-62 (E.D. Pa. 2022); *Sebright v. General Elec. Co.*, 525 F. Supp. 3d 217, 250-251 (D. Mass. 2021); *Davis v. Bender*, 27 F.3d 426, 430 (9th Cir. June 21, 1994).

survival action brought under general maritime common law or state law for litigation arising from the death of a seaman.  (Electrolux Motion to Dismiss page 1.)

The Court finds the argument and analogy made by Defendants persuasive.  Mr. Broderick alleges that he was exposed to asbestos that can be traced back to the Defendants while he was serving aboard *U.S.S. Cone*.  Therefore, his claims against the moving Defendants fall within the purview of the Jones Act because he was a seaman covered by the Jones Act at the time of his alleged injury.[4]  The Court further finds that the schedule of beneficiaries in the Jones Act, as made applicable by the FELA, applies to preclude Plaintiffs' claims whether brought under general maritime common law or state statute.

Consistent with the arguments made by Defendants, the Court finds that estate representative Anthony Finello lacks standing to pursue a wrongful death or survival action.  As previously mentioned, it is undisputed that both original Plaintiffs are now deceased.  At the time of his deposition, Mr. Broderick testified that his only living dependents were his wife, Mrs. Broderick, and their son, Robert Broderick.  Evidence suggests that Mr. Broderick's wife, son, and parents were all deceased prior to his death.  In response to Defendants' motions to dismiss, Plaintiffs came forward with no evidence to suggest that Mr. Broderick was survived by a spouse, a child, a parent, or dependent next-of-kin.  Instead, Plaintiffs make the legal argument that under general maritime law and/or Pennsylvania state statute they should be permitted to proceed with their claims.  However, it would appear that there is no living person who has

---

[4]  The term "seaman" is not defined by the Jones Act (46 U.S.C. § 30104, *et seq.*), itself, and is, instead, "a maritime term of art" defined by common law.  *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 342 (1991).  To qualify as a Jones Act seaman, a person must have been "employed on board a vessel in furtherance of its purpose."  *Id.* at 346.  A Navy sailor (like Mr. Broderick who was involved in the operation and repair of a ship's propulsion equipment) is a "seaman" under this definition.  See, e.g., *Hays v. John Crane, Inc.,* 2014 U.S. Dist. LEXIS 184953, at *2 (S.D. Fla. Oct. 10, 2014); *John Crane, Inc. v. Hardick*, 283 Va. 358, 369 (March 2, 2012).

standing to pursue either a wrongful death or survival action under the Jones Act/FELA for Mr. Broderick's alleged shipboard asbestos exposure.  Without a living beneficiary who has standing to pursue either a wrongful death or survival claim under the Jones Act/FELA, the Court lacks subject matter jurisdiction over those claims.

The Supreme Court's decision in *Lindgren v. United States*, 281 U.S. 38, 41 (1929), provides support for the uniform application of the Jones Act schedule of beneficiaries across all of Plaintiffs' maritime claims.  *Id.* (holding that the Jones Act preempts state wrongful dead statutes).  In *Lindgren*, the decedent – a seaman – was killed while working on a ship that was in a floating drydock port located in Norfolk, Virginia.  *Id.* at 41.  The *Lindgren* Court held that the Jones Act was the exclusive right of action for the death of a seaman killed in territorial waters of a state in the course of his employment – superseding all state wrongful death statutes which might otherwise be applied to maritime deaths.  *Id.* at 47.

The Court finds further support for its decision to dismiss Plaintiffs' claims based on *Gillespie v. United States Steel Corp.*, 379 U.S. 148 (December 7, 1964).  In *Gillespie*, a seaman was working on a ship docked in Ohio state territorial waters when he fell from the ship and drowned.  *Id.* at 149.  The decedent/seaman's relatives sued under the Jones Act and the Ohio wrongful death statute.  *Id.* at 150.  Reaffirming its prior holding in *Lindgren*, the Court again ruled that the death of a seaman covered by the Jones Act was controlled by the remedies included in the Jones Act.  The Court applied the schedule of beneficiaries set forth in the Jones Act/FELA and ruled that the Jones Act provided the exclusive right to recovery for wrongful death of a seaman killed in the course of employment – superseding the state wrongful death statute.  *Id.* at 155-156; see also *Deakle v. Westbank Fishing, LLC*, 2021 U.S. Dist. LEXIS 158587, *5-6 (La. D.C. Aug 23, 2021) (the Jones Act and DOHSA in conjunction with the

10

doctrine of preemption, precluded claims under Louisiana common law and wrongful death and survival statutes for the death of a Seaman who was working as a fisherman on a vessel when he died.); *Rogers v. Ft. Worth & DCR Co.*, 91 S.W.2d 458, 461 (Tex. Civ. App. 1936) overrule in part on other grounds by, *Van Beeck v. Sabine Towing Co.*, 3000 U.S. 342, 460-461 (1937) (FELA survival action abates upon death of sole statutory beneficiary because the FELA survival provision was enacted to benefit specific relatives of the decedent during their lifetimes – not to enlarge the family members' estates after their own deaths).

The schedule of beneficiaries found in the Death on the High Seas Act (hereinafter "DOHSA"), 46 U.S.C. §§ 30302, provides additional support for the Court's decision to apply the schedule of beneficiaries from the Jones Act to Plaintiffs' general common law maritime claims.  Congress enacted the DOHSA in order to provide for the ability to bring a wrongful death lawsuit following the death of a person on the high seas.  *Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 123 (1998).[5]  The DOHSA contains a schedule of beneficiaries that is very similar to the schedule of beneficiaries identified in the Jones Act/FELA.[6]  The DOHSA specifically states, "The action shall be for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative."  46 U.C.S. § 30302.

An assessment of the schedule of beneficiaries found in the Jones Act/FELA and the DOHSA suggests Congressional intent to place limits on the individuals/relatives of a decedent who could bring a wrongful death or survival action for the death of an individual who was

_____

[5]  In *Dooley*, the Court held that the DOHSA superseded and precluded general maritime common law survival lawsuits arising from the death of an individual occurring on the high seas when the decedent was not covered by other applicable federal or state statute.

[6]  Based on the schedule of beneficiaries under DOHSA, it is extremely unlikely that estate representative Anthony Finello would be capable of establishing standing to proceed with this litigation assuming arguendo he had attempted to proceed under the DOHSA.

working as a seaman and/or died on the high seas.  The Court reads this legislation in conjunction with the limits placed on beneficiaries to infer that that same limits should apply to wrongful death and survival claims under general maritime common law.

**IV.    CONCLUSION**:

For all of these reasons, Defendants' motions to dismiss will be granted.  Allegations in the First Amended Complaint directed to moving Defendant will be dismissed from this action. Defendant, John Crane Corporation, will be *sua sponte* dismissed from this action for the same reasons that the Court is dismissing the action against the related naval Defendants discussed herein.

BY THE COURT:

   /s/ John Milton Younge
Judge John Milton Younge